DEMETRAS & O'NEILL
J. Craig Demetras
State Bar No. 4246
Shelly T. O'Neill
State Bar No. 986
230 E. Liberty Street
Reno, Nevada 89501
(775) 348-4600
(775) 348-9315 Facsimile
Attorneys for Debtor/Defendant

E-FILED ON MAY 4, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

IN RE:

JOHN GESSIN

          Debtor.
_____/

STACEY RISSONE,

          Plaintiff,

vs.

JOHN GESSIN,

          Defendant.
_____/

Case No. BK-N-11-51818

Adv No: 11-5077

**TRIAL STATEMENT**

Trial Date:  May 7, 2012
Trial Time:  1:30 p.m.

     Debtor/Defendant, JOHN GESSIN, by and through his counsel of record, Shelly T. O'Neill, Esq., the Law Offices of Demetras & O'Neill, hereby submits his Trial Statement.

**I.**

**STATEMENT OF THE FACTS**

     The Debtor/Defendant was involved in a dating relationship with the Plaintiff for a period of time in 2007. At some point, subsequent to the end of their relationship, a civil complaint was filed by Ms Rissone against her former boyfriend/date, the Debtor/Defendant and resolved with no finding of liability by any party.  An Offer of

1  Judgment dated November 24, 2010 resulting in a final Judgment was submitted to the
2  Court in Case No. "CV10-01341" which states, in pertinent part, "***This offer of judgment***
3  ***does not constitute and (sic) admission of liability on the part of said defendant***."
4      The alleged debt is a simple unsecured debt which is dischargeable in bankruptcy.

## II. LEGAL AUTHORITY

In a denial of discharge or a dischargeability action, the creditor bears the burden of proof and there is a decided presumption that the debtor is entitled to a discharge. In re Youikus, 974 F.2d 901 (7th Cir.).

The Complaint in this action alleges nondischargeability under a sole provision of the bankruptcy code....11 U.S.C. §523(a)(2). However, the Plaintiff argues that the former date/boyfriend, the Debtor/Defendant had some "*fiduciary duty*" as set forth within the provisions of 11 U.S.C.§523(a)(4).

**a. No Fiduciary Duty**

11 U.S.C.§523(a)(4) provides that an individual debtor is not discharged from any debt "for fraud or defalcation *while acting in a fiduciary capacity*, embezzlement or larceny." (Emphasis added.)

The Ninth Circuit Court of Appeals has defined the term fiduciary capacity as,

> The meaning of 'fiduciary in §523(a)(4) is an issue of federal law. The broad, general definition of the fiduciary -- a relationship involving confidence, trust and good faith–is inapplicable in the dischargeability context. The trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing; the debtor must have been a 'trustee' before the wrong and without reference to it....Although the concept of fiduciary is to be narrowly defined as a matter of federal law, state law is to be consulted to determine when a trust in this strict sense exists. Ragsdale v.Haller, 780 F2d 795, 796 (9th Cir. 1986).

In Nevada, a relationship that is "fiduciary" in nature, is one in which one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence. *See,* Perry v. Jordan, 111 Nev. 943, 900 P.2d 335 (Nev. 1995). The Plaintiff

cannot establish that her relationship with a former date/boyfriend was fiduciary in nature. The Plaintiff alleges that she voluntarily gave the Debtor/Defendant funds. There does not appear to be any proof, other than her word, that the funds were (1) Withdrawn from a bank account; (2) Given to the Debtor/Defendant; (3) Without a receipt; and (4) With any assurance of their return.

**b. No Embezzlement**

"Embezzlement" for dischargeability purposes, requires a showing of property rightfully in possession of nonowner, nonowner's appropriation of property to a use other than that for which it was entrusted, and circumstances indication fraud. Moore v. United States, 160 U.S. 268, 269 (1885). Embezzlement requires three elements:"(1) property rightfully in the possession of a nonowner;(2) nonowner's appropriation of the property to a use other than that for which [it] was entrusted; and (3) circumstances indicating fraud." In re Hoffman, 70 B.R. 155, 162 (Bankr. W.D. Ark 1986); In re Schultz, 46 B.R. 880,889 (Bankr. D. Nev. 1985).

Here the allegations are clear. The Plaintiff alleges that she voluntary gave the Debtor/Defendant money. The Debtor/Defendant denies ever receiving the money and there is no proof that of the Plaintiff's claim. The "Judgment" entered by the Court does not impute liability to any party and is more often a method calculated to end costly litigation by parties involved in prolonged, and sometimes termed "nuisance", litigation.

**c. No Larceny**

'For purposes of section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of same.'" 4 Collier on Bankruptcy §523.10(2) (15th Ed. Rev. 2007).

There has never been any evidence of a felonious intent to deprive the Plaintiff of anything. As referenced above, there is has been no proof offered other than the word of a

Law Office of
Demetras & O'Neill
230 East Liberty Street
Reno, Nevada 89501
(775) 348-4600

3

1 former girlfriend.[1]

2 **d. 11 U.S.C. §523(a)(2)**

3     The Plaintiff seeks to have Mr. Gessin's debt declared nondischargeable pursuant to
4 11 U.S.C. §523(a)(2). That provision makes nondischargeable "any debt for money,
5 property, services, or an extension, renewal, or financing of credit, to the extent obtained
6 by false pretenses, a false representation, or actual fraud, other than a statement respecting
7 the debtor's or an insider's financial condition".

8 **e. Justifiable Reliance**

9     In order to establish that a debt is nondischargeable under §523(a)(2)(A), a creditor
10 must establish five elements by a preponderance of the evidence:

11     "1. Misrepresentation, fraudulent omission or deceptive conduct by the debtor;

12     2. Knowledge of the falsity or deceptiveness of his of his statement or conduct;

13     3. An intent to deceive;

14     4. ***Justifiable reliance by the creditor on the debtor's statement or***
15 ***conduct***;

16     5. Damage to the creditor proximately caused by its reliance on the debtor's
17 statement or conduct." (Emphasis added.) In re Mariconda (BAP No. AZ-11-1076-
18 MyDKi 9th Cir. AZ 2011); Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re
19 Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000); Harmon v. Korbrin (In re Harmon), 250
20 F.3d 1240, 1246 (9th Cir. 2001);

21     "The determination of justifiable reliance is a question of fact, subject to the
22 clearly erroneous standard of review." In re Jogert, Inc., 950 F.2d 1505 (9th Cir. 1991).
23 "Dischargeability is a question of federal law independent of the issue of the validity of
24 the underlying claim." Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed 2d 755

---

[1] There are numerous affidavits that show that the former scorned girlfriends met on several occasions and plotted ways to harm the Debtor/Defendant for revenge.

Law Office of
Demetras & O'Neill
230 East Liberty Street
Reno, Nevada 89501
(775) 348-4600

4

(1991).

The Ninth Circuit Court of Appeals determined that the word justifiable should precede the term reliance based upon the standards set forth by *"Prosser* and *Keeton on the Law of Torts* and the *Restatement (Second) of Torts*. They make it quite clear that at common law the justifiable reliance standard is the proper one." In re Kirsch, 973 F.2d 1454, 1458 (9th Cir. 1992). That Court provided an analysis of the term "justifiable" *vis a vis* the term "reasonable" reliance standards used by many courts and set forth examples, ". . . if the conduct of the plaintiff in the light of his [or her] own intelligence and information was manifestly unreasonable .. . he [or she] will be denied recovery–a person cannot purport to rely on preposterous representations or close his [or her] eyes to avoid discovery of the truth. . .". *Id.* at 1459, quoting Justice Traynor in Seeger v. Odell, 18 Cal. 2d 409, 115 P.2d 977 (1941).

The Kirsch Court set forth instances of reliance, both justifiable and not. Two are analogous to the facts of this matter. "*In re Mullet*, 817 F.2d 677,679 (10th Cir. 1987) (applies 'reasonable reliance' and found it did not exist where a bank rather blindly accepted the word of an unknown, unproven, twenty-three year old customer)". *Id.* at 1460. (Emphasis added.) Another, "*In re White*, 130 Bankr. 979, 987 (Bankr. D. Mont. 1991) (applies "reasonable reliance" but described the creditor's acts as such 'unreasonably reckless wishful thinking as to constitute no reliance at all". *Id.* (Emphasis added.)

The ultimate ruling in Kirsch is very specific. "Thus we conclude that a creditor must prove justifiable reliance upon the representations of the debtor. In determining that issue, the court must look to all of the circumstances surrounding the particular transaction, and must particularly consider the subjective effect of those circumstances upon the creditor."*Id.* at 1460.

"Exceptions to discharge must be plainly expressed, and are strictly construed in

Law Office of
Demetras & O'Neill
230 East Liberty Street
Reno, Nevada 89501
(775) 348-4600

5

favor of the debtor." In re Neal, 113 B.R. 607 (9th Cir. 1990).

## III. CONTESTED ISSUES

The following is a list of what the Debtor/Defendant will be contesting at trial and which must be proven by a preponderance of the evidence by the Plaintiff:

1. Whether the Plaintiff can prove misrepresentations, fraudulent omissions or deceptive conduct by the Debtor/Defendant;

2. Whether the Plaintiff can prove that the Debtor knew that his statements were false when/if made;

3. Whether the Plaintiff can prove that the Debtor/Defendant had an intent to deceive the Plaintiff;

4. Whether the Plaintiff can prove that she reasonably relied on alleged statements by the Debtor/Defendant;

5. Whether the alleged "Judgment" referenced in the Plaintiff's Trial Statement was an actual finding of liability against the Debtor/Defendant, and if so, why it wasn't produced as a Trial Exhibit by the Plaintiff;

6. Whether the Plaintiff can prove that the Debtor/Defendant ever received funds.

## IV. EXHIBITS

The Debtor/Defendant may seek to introduce at trial any of the following exhibits:

12. 2nd Judicial District Court Docket re DV06-02411, DV08-02090, Wells Fargo Bank documents

13. John Gessin's Timeline of Events

14. Allison Taitano / John Gessin e-mails dated 01-28-09 and Fidelity Investment Account page dated 01-28-09

15. Affidavits in 2nd Judicial Case No. CV09-00710 / Mobile Home Documents

16. Allison Taitano Facebook comment to Nina, Reno Police Dept. Report, Protection Order documents in 2nd Jud. Case No. FV09-00833

17. Henry Egghart letter to Glade Hall dated 12-14-09, Reno Police Dept Report #09-40432

18. Online search re: Christina Ho, Sparks Justice Court Criminal Case No. 11-CR-1034 re: Christina Ho

19. John Gessin / Stacey Rissone communications, Federal Student Aid correspondence dated 09-30-09

20. Order to Show Cause in 2nd Jud. Case No. DV06-00739

21. 2011 Glade Hall, Esq. Scam alert posting and research

22. Witness List Information and Affidavits

23. Affidavit of John David Gessin in Support of Opposition to Writ of Attachment dated April 14, 2009

24. Text communications between John Gessin and Christina Ho dated July 30, 2010.

25. December 9, 2010 Offer of Judgment - Rissone to Gessin

26. Judgment affirming the Acceptance of the Offer of Judgment.

### V. WITNESSES

The following witnesses may be called at the trial:

1. John Gessin
   Demetras & O'Neill
   230 East Liberty Street
   Reno, Nevada 89501
   (775) 348-4600

2. Stacey Rissone
   Law Offices of Glad L. Hall
   105 Mt. Rose Street
   Reno, Nevada 89509
   (775) 324-6447

1    3.    Brent Sanada
        10750 Thomas Creek Road
2        Reno, Nevada 89511
        (619) 453-5830

4.    Michelle Caruso
    (503) 270-7040

5.    Ann Campbell, DDS
    9492 Double R Blvd., Suite A
    Reno, Nevada 89521
    (775) 303-3552

6.    Abner Lopez
    (775) 235-9722

7.    Eugene Lee
    (775) 247-7138

8.    David Orbaugh
    (530) 448-0186

9.    Kim Kaltenbrun
    7605 Rhinestone Circle
    Reno, Nevada 89511
    (775) 742-3712

10.   Jaoquin "Chad" Taitano
     2660 Relevant Court
     Reno, Nevada 89521

11.   Dario Rissone
     1365 West Plumb Lane
     Reno, Nevada 89509

12.   Christina Ho
     530 East Patriot Blvd., Apt. D139
     Reno, Nevada 89511

Respectfully submitted this   4th   day of   May  , 2012.

                                    DEMETRAS & O'NEILL

                         BY:   /s/   Shelly T. O'Neill
                               Shelly T. O'Neill, Esq.
                               Attorney for Defendant

Law Office of
Demetras & O'Neill
230 East Liberty Street
Reno, Nevada 89501
(775) 348-4600