```
 1  DEMETRAS & O'NEILL
    J. Craig Demetras
 2  State Bar No. 4246
    Shelly T. O'Neill
 3  State Bar No. 986
    230 E. Liberty Street
 4  Reno, Nevada 89501
    (775) 348-4600
 5  (775) 348-9315 Facsimile
    Attorneys for Debtor/Defendant
 6
 7
 8              IN THE UNITED STATES BANKRUPTCY COURT
 9                   FOR THE DISTRICT OF NEVADA
10
11  IN RE:                          Case No. BK-N-11-51818
    JOHN GESSIN
12                                  Adv No: 11-5077
                    Debtor.
13  _____/
                                    **MOTION IN LIMINE**
14  STACEY RISSONE,
                                    Trial Date:  May 7, 2012
15                                  Trial Time:  1:30 p.m.
                    Plaintiff,
16  vs.
17  JOHN GESSIN,
18                  Defendant.
    _____/
19
```

20     Debtor/Defendant, JOHN GESSIN, by and through his counsel of record, Shelly T.

21 O'Neill, Esq., the Law Offices of Demetras & O'Neill, hereby objects to and moves, in

22 limine, to exclude ceratin documents from admission at trial.

23     The Plaintiff seeks to introduce the following documents at trial to prove the character

24 of the Debtor/Defendant:

25     "*1. Information CR03-2003*

26

1    ***2. Nevada Board of Parole Comm. Agenda for February 2007"***[1]

2    The Federal Rules of Evidence, hereinafter "FRE" Rule 401 states, "relevant evidence means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

6    Rule 403 prohibits evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

10   Rule 404(a) provides that "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.

13   Rule 404(3)(b) restricts the introduction of evidence of other crimes, wrongs, or acts which are inadmissible to prove the character of a person to show that he acted in conformity therewith."

16   **3**. The Plaintiff recently provided a fugitive document purporting to be some form of messaging between the Plaintiff and the Debtor/Defendant. The document was provide on the eve of the trial with the comment "***Stacey came up with the attached text message exchange between she and Gessin. We will be offering this as an additional exhibit at the trial on Monday.***"[2] (Emphasis added.)

21   There is no way to authenticate this document. It is undated. There is absolutely no way to ensure that it is a fair and accurate representation of correspondence, as it alleges, between the parties. It is self-serving and could have easily been manufactured. It is

---

[1] See, Plaintiffs Trial Statement Page 2, lines 12-17.

[2] See, Facsimile from Plaintiff's counsel dated May 4, 2012.

1 inherently unreliable and must be excluded from use at trial.

2         Respectfully submitted this ___4th___ day of __May__, 2012.

4                               DEMETRAS & O'NEILL

6                  BY:    /s/   Shelly T. O'Neill
7                         Shelly T. O'Neill, Esq.
                          Nevada Bar No. 986
8                         230 East Liberty Street
                        Reno, Nevada 89501
9                         (775) 348-4600 Telephone
                        (775) 348-9315 Facsimile
                        Counsel for Debtor/Defendant