


Honorable Bruce T. Beesley
United States Bankruptcy Judge

**Entered on Docket
June 04, 2012**

DEMETRAS & O'NEILL
J. Craig Demetras
State Bar No. 4246
Shelly T. O'Neill
State Bar No. 986
230 E. Liberty Street
Reno, Nevada 89501
(775) 348-4600
(775) 348-9315 Facsimile
Attorneys for Debtor/Defendant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

IN RE:                                              Case No. BK-N-11-51818

JOHN GESSIN                                         Adv No: 11-5077

              Debtor.                    **ORDER**
_____/

                                                    Trial Date:   May 7, 2012
STACEY RISSONE,

              Plaintiff,
vs.

JOHN GESSIN,

              Defendant.
_____/

     On May 7, 2012, Trial was held in the above entitled matter. The Plaintiff, STACEY RISSONE, alleged that a debt owed to her by the Defendant based upon a judgement entered in the Second Judicial District Court was not dischargeable pursuant to §523(a)(2) of the Bankruptcy Code.

The Court has read and reviewed all pleadings and papers filed herein, and heard the testimony of Plaintiff and her witness presented in her case in chief. Subsequent to Plaintiff's resting her case, the Defendant moved, pursuant to Fed. R. Civ. P. 41(b) for a finding that the Plaintiff had not met her burden of proof of the elements required for such a finding.

Good cause appearing therefore, this Court makes the following:

## FINDINGS OF FACT

1. That the judgment referenced herein was the result of an acceptance by the Defendant to Plaintiff's Offer of Judgment wherein neither party admitted to liability.

2. That a careful analysis of the testimony offered at trial by the Plaintiff of the facts which formed the basis of the obligation, *e.g.*;

    a. That the Plaintiff was an educated, mature business woman in her forties at the time of the incident;

    b. That the Plaintiff had knowledge that the Defendant was a convicted felon for fraud;

    c. That the Defendant was a person that Plaintiff had met for the first time in a bar and had only known for a period of approximately two weeks;

    d. That the Plaintiff allegedly gave the Defendant large sums of cash over a period of days from several transactions from her bank account, delivered in a shoe box to the Defendant;

    e. That the Plaintiff provided no receipts, contracts, vehicle titles or other documentation upon which should could show that the funds were in fact exchanged;

    f. That the Plaintiff could not recall the time, place or circumstances of the exchange of the afore-said funds;

    g. The Plaintiff testified that she participated in one vehicle purchase

|   |   |
|---|---|
| 1 | transaction and that, although her funds were used for the transaction, |
| 2 | did not request nor did she obtain any documentation evincing her |
| 3 | ownership; |

Based upon the foregoing FINDINGS OF FACT, which represent a portion of those presented at trial, the Court makes the following Conclusions of Law:

## CONCLUSIONS OF LAW

1. The above entitled matter is a core proceeding.

2. The court has jurisdiction over the parties and the issue of dischargeability under 11 U.S.C. §523(a)(2).

3. In order to establish that a debt is nondischargeable under §523(a)(2)(A), a creditor must establish five elements by a preponderance of the evidence:

   a. Misrepresentation, fraudulent omission or deceptive conduct by the debtor;

   b. Knowledge of the falsity or deceptiveness of his of his statement or conduct;

   c. An intent to deceive;

   d. *Justifiable reliance by the creditor on the debtor's statement or conduct*;

   e. Damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." (Emphasis added.) In re Mariconda (BAP No. AZ-11-1076-MyDKi 9th Cir. AZ 2011); Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1081, 1085 (9th Cir. 2000); Harmon v. Korbrin (In re Harmon), 250 F.3d 1240, 1246 (9th Cir. 2001);

"The determination of justifiable reliance is a question of fact, subject to the clearly erroneous standard of review." In re Jogert, Inc., 950 F.2d 1505 (9th Cir. 1991). "Dischargeability is a question of federal law independent of the issue of the validity of the underlying claim." Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed 2d 755 (1991).

4. The Court finds that the Plaintiff failed to meet her burden of justifiable reliance, based upon her testimony, which is a necessary element of her case.

# ORDER

Plaintiff's request for nondischargeability of the debt owed to her by the Defendant is DENIED.

Submitted by:
DEMETRAS & O'NEILL

/s/ Shelly T. O'Neill
By: Shelly T. O'Neill
Attorneys for Defendant

**APPROVED**/DISAPPROVED

/s/ Glade L. Hall
Glade Hall
Attorney for Plaintiff

## ALTERNATIVE METHODS re: RULE 9021

In accordance with L. R. 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

_____ The court waived the requirements of L. R. 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

\_\_\_\_x\_\_\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Glade Hall
Approved

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

DATED: June 1, 2012

/s/ Shelly T. O'Neill
Attorney for Debtor/Defendant